# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DA'JUAN BIRDEN,<br><br>                    Plaintiff,<br><br>        v.<br><br>MUNOZ,<br><br>                    Defendant. | Case No. 1:25-cv-00937-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.   Background**

Plaintiff Da'Juan Birden is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On August 6, 2025, the Court screened the complaint and found that Plaintiff successfully raised excessive force and failure to protect claims in violation of the Eighth Amendment against Defendant Munoz. (ECF No. 8.) However, because Plaintiff failed to provide a date when the alleged violations of right occurred, the Court found that Plaintiff failed to state a claim upon which relief may be granted and that the complaint could not be served. (*Id.* at 6-7.) The Court therefore issued an order granting Plaintiff leave to file a first amended complaint within fourteen (14) days. (*Id.* at 8.) The Court cautioned Plaintiff that failure to comply within the time allotted

may result in a recommendation that this matter be dismissed. (*Id.*) The Court also indicated that should Plaintiff fail to file an amended, then the Court would presume that Plaintiff wished to proceed on his original complaint, which the Court determined failed to state a claim upon which relief may be granted. (*Id.* n.2.) Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

## II. <u>Failure to Prosecute and Failure to Obey a Court Order</u>

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

1 presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
2 *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against
3 dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d
4 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose
5 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
6 progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*
7 *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

8       Finally, the Court's warning to a party that failure to obey the court's order will result in
9 dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
10 *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's August 6, 2025 screening
11 order expressly warned Plaintiff that his failure to file an amended complaint within the time
12 allotted may result in a recommendation that this matter be dismissed.  (ECF No. 8.)  Thus,
13 Plaintiff had adequate warning that dismissal could result from his noncompliance.

14       Additionally, at this stage in the proceedings there is little available to the Court that
15 would constitute a satisfactory lesser sanction while protecting the Court from further
16 unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in
17 this action, it appears that monetary sanctions will be of little use and the preclusion of evidence
18 or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

19       **III**.    **Conclusion and Recommendation**

20       Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
21 District Judge to this action.

22       Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY
23 RECOMMENDS that this action be dismissed for failure to obey a court order and for Plaintiff's
24 failure to prosecute this action.

25       These Findings and Recommendation will be submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**
27 **(14) days** after being served with these Findings and Recommendation, the parties may file
28 written objections with the Court.  The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 8, 2025**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE